```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

MARYANN COTTRELL and
RICHARD HOLLAND,

        Plaintiffs,      Civil No. 15-2267 (NLH/KMW)

v.

                              **OPINION**

FAMILY PRACTICE ASSOCIATES at
WASHINGTON, PA,

        Defendants.

**APPEARANCES:**

Maryann Cottrell
Richard Holland
31 S. Academy Street
Glassboro, NJ 08208
    *Pro Se Plaintiffs*

Arnold Robert Gerst
Weiner Lesniak
P.O. Box 438
Parsippany, NJ 07054
    *Attorneys for Defendants*

**HILLMAN, District Judge**

    Presently before the Court is a motion to dismiss filed by Defendants Family Practice Associates at Washington, PA, Robert L. Venuti, William A. Madison, John D. Venuti, Janine M. Pecora, Dana Zeiner, and Stefani Venuti.  For the reasons that follow, the motion [Doc. No. 11] will be converted into a motion for summary judgment and the Court will set a schedule for supplemental briefing.

1

I.  **JURISDICTION**

The Court exercises original jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claim asserted in this case under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim based on an alleged violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:6-1 et seq.

II. **BACKGROUND**

As set forth in the complaint, Plaintiff Maryann Cottrell ("Cottrell") is the mother of a severely disabled daughter, and Plaintiff Richard Holland ("Holland") serves as a secondary caregiver to Cottrell's daughter.  Plaintiffs are frequent litigants in this Court.  Typically, Plaintiffs "assess[] and document parking access at public accommodations that they come into contact during their daily services" and then bring complaints in federal court.  (Compl. ¶ 17.)

Plaintiffs are former patients of Family Practice Associates, a medical office.  On February 4, 2013, Plaintiffs allege they were passing by Family Practice Associates when they observed a van illegally parked in a handicap parking space outside the building.  (Compl. ¶ 24.)  Plaintiffs informed the manager of Family Practice Associates, Stefani Venuti, about the

violation but Venuti allegedly did not ask the van to move. (Compl. ¶¶ 25-32.)

On February 15, 2013 Plaintiffs signed citizens' complaints against the company which owned the van and Family Practice Associates.  (Compl. ¶¶ 35-36.)  According to Defendants, Family Practice Associates was found not guilty in municipal court of any parking violation because it did not own the parking space Plaintiffs reported; rather, it belonged to an adjacent condominium complex.

On April 2, 2013, Plaintiffs received a letter from Dr. Robinson of Family Practice Associates terminating their patient-doctor relationship.  (Compl. ¶¶ 33-34.)

### III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

3

claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949).  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Id.  "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' - 'that the pleader is entitled to relief.''"  Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual

4

matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting Twombly, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV. DISCUSSION**

Defendants argue that Plaintiffs cannot state a claim for retaliation under the ADA or NJLAD.  With respect to both claims, a plaintiff must establish (1) s/he was engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal link between the protected conduct and the adverse action.  Cottrell v. Good Wheels, 458 F. App'x 98, 100 (3d Cir. 2012).  Defendants argue there is no causal connection between the doctor-patient termination and any protected activity because the municipal court found Defendants not guilty

5

of parking violations because they did not own the referenced parking space. In support of this proposition, Defendants rely on the certifications of their attorney and Stefani Venuti regarding the outcome of the municipal court proceedings. Additionally, Defendants submit the certification of Dr. Robinson which states that he terminated the doctor-patient relationship because he felt it was irreparably harmed as a result of the frivolous nature of the municipal court proceedings against his practice.

The evidence proffered by Defendants in support of their motion to dismiss goes beyond the pleadings and, therefore, cannot be considered in deciding a motion to dismiss. <u>See</u> Fed. R. Civ. P. 12(b). In considering a motion to dismiss, the Court only considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010). If matters outside of the pleadings are considered, then the motion is treated as a motion for summary judgment. <u>See</u> Fed. R. Civ. P. 12(d). When converting a 12(b)(6) motion to one for summary judgment "all parties must be given a reasonable opportunity to present all the material that is pertinent the motion." <u>Id.</u> Further, a court should give notice of its intent to convert a defendant's motion to dismiss into a motion for

6

summary judgment.  Brown v. U.S. Steel Corp., 462 F. App'x 152, 155 (3d Cir. 2011).

The Court has determined it should fully consider all the documents referred to by the parties which go beyond pleadings.[1]  Importantly, it does not appear that discovery will aid in producing facts relevant to the decision that are not already known to both parties.  Therefore, in the interest of completeness and procedural fairness to all parties, the Court will convert Defendants' motion to dismiss to a motion for summary judgment.  In this regard, the parties will have a reasonable opportunity to present all material relevant to a summary judgment motion and fully brief this issue.  Fed. R. Civ. P. 12(d); see also Brown, 462 F. App'x at 155 (remarking that the notice requirement is satisfied by an order advising the parties that a motion to dismiss will be treated as a motion for summary judgment); Le v. Univ. of Med. & Dentistry of N.J., 379 F. App'x 171, 176 (3d Cir. 2010) (indicating that the Court of Appeals has required at least ten days' notice before conversion of a Rule 12(b)(6) motion into a motion for summary judgment).

---

[1] Although the Court can take judicial notice municipal court orders, it cannot do so for other documents relied upon by Defendants such as their certifications.

Accordingly, the Court will enter an Order for the submission of supplemental briefing and document submissions. Following these submissions, the Court will decide Defendants' motion as a summary judgment motion.

Dated: April 28, 2016        ___s/ Noel L. Hillman_____
                             NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey