```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MARYANN COTTRELL and                :
RICHARD HOLLAND,                    :
                                    :
              Plaintiffs,           :   Civil No. 15-2267 (NLH/KMW)
v.                                  :
                                    :            OPINION
FAMILY PRACTICE ASSOCIATES at       :
WASHINGTON, PA, et al.,             :
                                    :
              Defendants.           :
_____:
```

**APPEARANCES:**

Maryann Cottrell
Richard Holland
31 S. Academy Street
Glassboro, NJ 08208
  *Pro Se Plaintiffs*

Arnold Robert Gerst
Weiner Lesniak
P.O. Box 438
Parsippany, NJ 07054
  *Attorney for Defendants*

**HILLMAN, District Judge**

Presently before the Court is a motion to dismiss [Doc. No. 11] which was converted into a motion for summary judgment by way of the Court's April 28, 2016 Opinion and Order [Doc. Nos. 23, 24]. For the reasons that follow, the motion will be granted and the case will be closed.

I.  **JURISDICTION**

The Court exercises original jurisdiction pursuant to 28 U.S.C. § 1331 over the federal claim asserted in this case under

1

the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claim based on an alleged violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:6-1 et seq.

## II.  BACKGROUND

As set forth in the Court's prior Opinion, Plaintiff Maryann Cottrell is the mother of a severely disabled daughter, and Plaintiff Richard Holland serves as a secondary caregiver to Cottrell's daughter.  Plaintiffs are frequent litigants in this Court.  See Cottrell v. Recreation Ctr. LLC, No. 13-2847, 2016 WL 1717577, at *1 (D.N.J. Apr. 28, 2016) (citing 18 cases). Typically, Plaintiffs "assess[] and document parking access at public accommodations that they come into contact during their daily services" and then bring citizen's complaints in municipal court followed by ADA and NJLAD complaints in federal court. (Compl. ¶ 17.)

Plaintiffs are former patients of Family Practice Associates, a medical office, but have not been seen as patients for several years.  Cottrell was last seen in 2011, and Holland was last seen in 2008.  (Robinson Cert. ¶ 6; Venuti Cert. ¶ 4.) On February 4, 2013, Plaintiffs allege they were passing by Family Practice Associates, located at 188 Fries Mills Road, Washington Township, New Jersey, when they observed a van parked

2

in a handicap parking space.  (Compl. ¶ 24.)   Plaintiffs informed the manager of Family Practice Associates, Stefani Venuti, about the violation but Venuti allegedly did not ask the van to move.  (Compl. ¶¶ 25-32.)

On February 15, 2013 Plaintiffs made citizen's complaints against both the company which owned the van and Family Practice Associates.  (Compl. ¶¶ 35-36.)  On March 21, 2013, Family Practice Associates was found not guilty in municipal court of any parking violation because it did not own the parking space Plaintiffs reported; rather, it was owned and controlled by Family Practice Associates' condominium complex (Gerst Cert. ¶ 2; Venuti Cert. ¶ 3.)

On April 2, 2013, Plaintiffs received a letter from Dr. Michael Robinson of Family Practice Associates terminating their patient-doctor relationship, but offering to see Plaintiffs for emergencies for a limited period of time.  (Compl. ¶¶ 33-34; Defs.' Reply Br., Ex. A.)

On March 30, 2015, Plaintiffs filed the instant two-count complaint against Defendants Family Practice Associates at Washington, PA, Robert L. Venuti, William A. Madison, John D. Venuti, Janine M. Pecora, Dana Zeiner, and Stefani Venuti. Plaintiffs assert claims of retaliation in violation of the Americans with Disabilities Act and New Jersey Law Against Discrimination.  On December 14, 2015, Defendants moved to

3

dismiss Plaintiffs' complaint, arguing that it was frivolous and failed to state a claim. Because Defendants relied on certifications outside the pleadings, on April 28, 2016, the Court notified the parties of its intention to convert Defendants' motion to dismiss to a motion for summary judgment and invited Plaintiffs to submit supplemental briefing. Plaintiffs did not file an opposition to the summary judgment motion.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. "In considering a motion for summary judgment, a district court may

4

not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255, 106 S. Ct. 2505).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323, 106 S. Ct. 2548 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing Celotex, 477 U.S. at 325, 106 S. Ct. 2548).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324, 106 S. Ct. 2548. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s.]'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[ ] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322, 106 S. Ct. 2548). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257.

### IV. DISCUSSION

As an initial matter, the individual Defendants cannot be held liable for retaliation under the ADA. While the Third Circuit has not directly ruled on this issue, courts in this district have found no individual liability exists. P.N. v. Greco, 282 F. Supp. 2d 221, 243 (D.N.J. 2003) ("Plaintiffs' ADA retaliation claim against Greco is not viable because the ADA does not by itself provide for individual liability for

6

retaliation."); Rich v. New Jersey, No. 14-2075, 2015 WL 2226029, at *15 (D.N.J. May 12, 2015) (same); Douris v. Schweiker, 229 F. Supp. 2d 391, 397 (E.D. Pa. 2002) aff'd sub nom. Douris v. Rendell, 100 F. App'x 126 (3d Cir. 2004) (the "consensus view among district courts in this circuit is that individual liability cannot be imposed under the ADA.") (citation omitted); c.f., Datto v. Harrison, 664 F.Supp.2d 472, 491–92 (E.D. Pa. 2009) (finding "individual liability may be imposed for retaliation claims under the ADA involving either public entities or public accommodations").  Therefore, summary judgment on the ADA claims will be granted in favor of the individual Defendants.

As to the remaining ADA and NJLAD claims against Family Practice Associates and NJLAD claims against the individual Defendants, summary judgment will also be granted in Defendants' favor.  To state a claim for retaliation under the ADA or NJLAD a plaintiff must establish (1) s/he was engaged in protected conduct; (2) an adverse action was taken; and (3) there is a causal link between the protected conduct and the adverse action.  Cottrell v. Good Wheels, 458 F. App'x 98, 100 (3d Cir. 2012).  The Court finds Plaintiffs have not established a prima facie claim for retaliation because they failed to establish the first two requirements, that they were engaged in protected activity and suffered an adverse action.

7

Plaintiffs allege they were retaliated against for bringing a complaint against Family Practice Associates in municipal court. (Compl. ¶ 43.) Previously, courts have found that the filing of citizen's complaints against business owners for ADA-based parking violations is protected activity. Cottrell v. Zagami, LLC, 537 F. App'x 46, 48 (3d Cir. 2013) ("Cottrell engaged in protected activity when she filed citizen's complaints against patrons of Landmark for handicapped parking violations."); Cottrell v. J&D Disc. Liquor Gallery, Inc., No. 08-5418, 2010 WL 3906786, at *4 (D.N.J. Sept. 30, 2010) (Plaintiffs' filing of a citizen's complaints was protected activity even where the complaints were dismissed in municipal court).

In prior cases, even though Plaintiffs have brought citizen's complaints against business owners who were found not liable for parking violations (presumably, as here, because they did not own the parking spaces in front of their stores) the Court has assumed Plaintiffs had a good faith basis for filing these complaints. See, e.g., Cottrell v. J&D Disc. Liquor Gallery, Inc., No. 08-5418, 2010 WL 3906786, at *5 n.7 (D.N.J. Sept. 30, 2010) ("Alternatively, even if the unlawful use of, or inability to curb the unlawful use of, handicap parking and access areas does not violate the ADA, plaintiffs reasonably, and in good faith, believed that defendants' actions contravened

8

the ADA"). Here, however, there is no evidence that Plaintiffs made any reasonable investigation of parking lot ownership before bringing a complaint against Family Practice Associates. Thus, Plaintiffs have not carried their burden of pointing to evidence showing that they had a good faith basis to file the citizen's complaint. There is no legal or factual dispute that Family Practice Associates does not own the handicap parking space Plaintiffs reported. Plaintiffs, who are very familiar with the ADA and the filing of citizen's complaints and federal lawsuits, have not demonstrated that they made any reasonable attempt to investigate whether or not Family Practice Associates owned the parking space before they brought the citizen's complaint.[1] C.f., Carmona v. Resorts Int'l Hotel, Inc., 189 N.J. 354, 373, 915 A.2d 518, 530 (2007) ("a case in which a plaintiff alleges retaliation under the LAD, N.J.S.A. 10:5-12d, the plaintiff bears the burden of proving that his or her original complaint — the one that allegedly triggered his or her employer's retaliation — was made reasonably and in good faith.

---

[1] In at least one other case, Plaintiffs brought citizen's complaints against a small business for parking violations in parking spots the business did not own. Cottrell v. J&D Disc. Liquor Gallery, Inc., No. 08-5418, 2010 WL 3906786, at *1 (D.N.J. Sept. 30, 2010) ("Of the five municipal summonses issued to defendants as a result of Cottrell's complaints, the Municipal Court dismissed four of them and there was a finding of not guilty as to the fifth.").

The obverse also holds true: an unreasonable, frivolous, bad-faith, or unfounded complaint cannot satisfy the statutory prerequisite necessary to establish liability for retaliation under the LAD."). Accordingly, because Plaintiffs have not demonstrated they had a good faith basis to bring a citizen's complaint against Family Practice Associates, they have not established they were engaged in protected activity.

Further, even if Plaintiffs were engaged in protected activity, Plaintiffs have not met their burden of demonstrating that Dr. Robinson's termination letter was an adverse action. Plaintiffs argue in a sur-reply that Defendants violated N.J.A.C. 13:6.22(d)(1) by terminating the doctor-patient relationship for a "discriminatory purpose." However, the record does not show that a patient-doctor relationship even existed before Dr. Robinson sent the termination letter.

Pursuant to the New Jersey Administrative Code, a doctor-patient relationship exists where the doctor has provided services within the past year, "or in such other circumstances where a patient has indicated to the licensee that the patient anticipates that the licensee will provide continued professional services to the patient." N.J. Admin. Code § 13:35-6.22. Here, a representative of Family Practice Associates certified that Plaintiffs had not been patients for several years (two years for Cottrell and five years for

10

Holland), and Plaintiffs have not submitted any evidence to show they anticipated that Family Practice Associates would provide continued professional services. (Robinson Cert. ¶ 6.) Additionally, Plaintiffs waited almost two years after receiving Dr. Robinson's letter before filing suit, at which point Cottrell had not been a patient at the practice for four years, and Holland had not been a patient for eight years. Unlike other cases, Plaintiffs were not banned from the premises, and they submitted no evidence that the termination of this relationship caused them any injury. Accordingly, because the record shows that no doctor-patient relationship existed and the letter resulted in a nullity Plaintiffs have not demonstrated an adverse action. For these reasons, Plaintiffs have not demonstrated a prima facie case of retaliation under the ADA or NJLAD and summary judgment will be granted in favor of Defendants on both counts.

V.   **CONCLUSION**

For the reasons described above, Defendants' motion for summary judgment will be granted.

Dated: May 26, 2016                   _  s/ Noel L. Hillman
                                      NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey

11