UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

MARYANN COTTRELL and
RICHARD HOLLAND,

            Plaintiffs,         Civil No. 15-2267 (NLH/KMW)

v.

                                             OPINION

FAMILY PRACTICE ASSOCIATES at
WASHINGTON, PA, et al.,

            Defendants.
_____

**APPEARANCES:**

Maryann Cottrell
Richard Holland
31 S. Academy Street
Glassboro, New Jersey 08208
       *Pro Se Plaintiffs*

WEINER LAW GROUP LLP
By: Arnold Robert Gerst, Esq.
P.O. Box 438
Parsippany, New Jersey 07054
       *Counsel for Defendants*

**HILLMAN, District Judge**

    On May 26, 2016, the Court entered summary judgment in favor of Defendants, and this case was closed.  *See* Opinion and Order at docket entries 26 and 27.  In an 8-sentence letter dated June 6, 2016, *pro se* Plaintiff Maryann Cottrell "request[s] the opportunity to file a supplemental response to the motion [for summary judgment]."  Docket entry 28.  Defendants oppose the request.  For

1

the reasons stated herein, Plaintiff's request, which the Court construes as a Motion to Reopen the case[1], will be denied without prejudice.[2]

## I.

This is a suit pursuant to the Americans with Disabilities Act, and New Jersey's Law Against Discrimination. The Court's prior discussion of the summary judgment record is incorporated herein by reference.

Most directly relevant to the instant motion is the following procedural history.

The motion for summary judgment began as a motion to dismiss, which was originally filed in December, 2015. Plaintiffs filed opposition to the motion. Because the Motion to Dismiss relied on materials outside the pleadings, the Court converted the motion to dismiss to a motion for summary judgment. *See* Opinion and Order at docket entries 23 and 24. The Order converting the motion set a

---

1 The letter was docketed as a "Motion for Reconsideration." However, the word "reconsider" does not appear anywhere in the letter. Moreover, Plaintiff does not assert that the Court erred in any way. Rather, Plaintiff seeks an opportunity to file an unspecified "response" to a motion for summary judgment that has already been decided in Defendants' favor. Therefore, the Court concludes that Fed. R. Civ. P. 60(b) is the most appropriate vehicle for the relief Plaintiff seeks.

2 As stated in the previous opinion, the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

supplemental briefing schedule; Plaintiffs' supplemental response was due 20 days from the date of the Order, i.e., on May 18, 2016.

Plaintiffs filed no supplemental response, and on May 26, 2016, the Court granted summary judgment to Defendants.

In Plaintiff Cottrell's letter requesting leave to belatedly file her response, Plaintiff asserts that "[a]t the time the Order was signed (Document 24)[3] . . . plaintiff Cottrell was in the hospital having surgery performed."

Plaintiff's letter encloses the following undated doctor's note:

> To whom it may concern:
>
> This is to verify that: Maryann Cottrell
>
> Has been seen in our office last on 5/18/2016.
>
> This letter is to request that Maryann be excused from jury duty until 6/22/2016 or after due to her recent knee surgery.  She underwent a total knee replacement on 5/2/2016.  She is currently recovering from surgery and participating in intense physical therapy which limits her ability to participate in jury duty at this time. Please accept this letter requesting deferment until after 6/22/2016.

(Docket Entry 28)

Defendants oppose Plaintiff's request suggesting that, at the very least, Plaintiff Richard Holland, who lives with Cottrell, could have timely requested an extension of time to submit

---

3  Document 24 was signed on April 28, 2016.

Plaintiffs supplemental response prior to the Court's Opinion and Order of May 18, 2016 granting summary judgment to Defendants.

## II.

Federal Rule of Civil Procedure 60(b) provides, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief."

## III.

The Court construes *pro se* Plaintiff Cottrell's letter as asserting that the case should be reopened due to her excusable neglect. In this regard, Cottrell has submitted documentation demonstrating that she had knee replacement surgery on May 2, 2016. This sparse information alone, however, is not sufficient to support a finding of excusable neglect-- particularly in light of

4

what is, at least, a superficial conflict in her present submissions: Plaintiff's letter states that she was in the hospital "having surgery" on April 28, 2016 (a Thursday), but her doctor's note states that the surgery took place on May 2, 2016 (a Monday).

Plaintiff will be granted leave to file within 30 days, a declaration or affidavit setting forth any additional facts or explanations which may further support a finding of excusable neglect.  Plaintiff should also include in her filing any other ground which she may assert supports reopening this case.

### IV.

The motion will be denied without prejudice.  Plaintiff will be granted leave to file within 30 days, any additional materials in support of her Motion to Reopen.  If Plaintiff files additional materials, Defendant will have 30 days to respond.  An appropriate order accompanies this opinion.


Dated: January 31, 2017                    __s/ Noel L. Hillman___
At Camden, New Jersey                      NOEL L. HILLMAN, U.S.D.J.